UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


REBECCA WILD,                                CIVIL NO. 07-1372 (JNE/JSM)

        Plaintiff,

v.                                                   REPORT AND
                                                  RECOMMENDATION
MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.


        The above matter is before the undersigned United States Magistrate Judge on

defendant's Motion to Dismiss [Docket No. 3].  This matter has been referred to the

undersigned Magistrate Judge for a Report and Recommendation by the District Court

pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

        For the reasons discussed below, it is recommended that defendant's Motion to

Dismiss [Docket No. 3] be GRANTED.

## I.   PROCEDURAL BACKGROUND

        After receiving an initial determination denying her Social Security disability

claim, plaintiff hired Patrick A. Toomey, Esq. to represent her.  Pl. Objection to Def. Mot.

to Dismiss, pp. 1-2.  The Notice of Representative was submitted to the Social Security

Administration on July 21, 2005, along with a request for reconsideration.  Id. at p. 2.

On October 6, 2005, the notice of denying the request for consideration was sent to

Toomey and plaintiff.  Declaration of Howard Kelly, Ex. 1, p. 3.  Plaintiff alleges that on

May 8, 2006, after he did not receive a reconsideration decision, Toomey contacted the

District Office for information and learned that a decision had been made on October 5,

2005.  Pl. Obj., p. 2.    Toomey then filed a request for hearing on May 16, 2006, requesting that good cause be found for a late appeal because he had not received notice of the reconsideration denial.  Id.

On May 22, 2006, plaintiff filed a request for a hearing before the ALJ.   On September 15, 2006, Administrative Law Judge Diane Townsend-Anderson issued a Notice of Dismissal dismissing plaintiff's request for a hearing.   That Notice of Dismissal found the following:

> The claimant was sent notice of the reconsidered determination in this case on October 6, 2005.  The claimant was informed at that time that any request for a hearing because of disagreement with the determination must be filed within 60 days of the date the notice of determination was received.  The date such notice was received is presumed to be five (5) days after the date on the notice, unless there is a reasonable showing to the contrary.

> Social Security Administration Regulation No. 4 provides, in part, that a request for hearing must be filed within 60 days after the date the claimant received notice of the previous determination (20 CFR § 404.933(b)).  The regulations further provide that a request for hearing may be dismissed where the claimant has failed to file the request within the specified time and the time for filing such request has not been extended for good cause shown (20 CFR § 404.957(c)(3)).

> The undersigned finds the claimant has not established good cause for the untimely filing.   The reconsideration determination was issued on October 6, 2005, and the request for hearing was not filed until May 22, 2006, over seven months later.  The claimant's representative argues that he failed to timely file the request for hearing because he did not receive notice of the reconsideration.  He states he contacted the district office on May 8, 2006, to inquire about the status of the case and at that time was informed a reconsideration determination had been made in October 2005.  Thus, he argues, there was good cause for the untimely filing.

> The undersigned does not find the representative's argument to be persuasive.    The reconsideration determination indicates that the representative was copied on the notice.  It is further noted the claimant was also sent the notice of reconsideration and did not timely request a hearing.  Of note is that the representative does not indicate the claimant contacted him to discuss whether he wished to request a hearing after

receiving the notice of consideration.  Rather, the representative, over ten months after requesting the reconsideration, contacted the district office, rather than his client, regarding status.  Neither the claimant nor the representative acted diligently in this case.  Accordingly, there is no good cause to extend time for filing.  Therefore, the claimant's request for hearing is hereby dismissed.  The revised determination dated October 6, 2005, remains in effect.

Kelly Decl., Ex. 1, pp. 3-4.

On October 5, 2006, plaintiff filed a request for review with the Appeals Council, which denied review on December 27, 2006.  See Kelly Decl., Ex. 2.

On February 28, 2007, plaintiff filed a Complaint seeking judicial review of the denial of a claim for benefits under Title II of the Social Security Act.  Complaint [Docket No. 1].  On May 11, 2007, defendant filed the present motion, alleging that plaintiff had not exhausted her administrative appeal remedies before filing the Complaint, and as such, the Court lacks subject matter jurisdiction to hear this case.  Def. Mem., p. 1 [Docket No. 4].

## II.    DISCUSSION

Defendant moves to dismiss plaintiff's complaint based on the contention that plaintiff did not complete the administrative process concerning her application.  Def. Mem., p. 5.  Defendant argues that plaintiff's request for a hearing was not timely and the ALJ dismissed the hearing, which left the October 6, 2005 denial as the final action of the Commissioner of Social Security.  Id.  Plaintiff contends in her Complaint that she exhausted her administrative remedies.  Her objection to defendant's motion to dismiss does not directly address the exhaustion issue; instead, she argues that the Court has jurisdiction to review "any colorable constitutional claim of a due process right involving either a right to be heard or a right to seek reconsideration of an adverse benefits

determination." Pl. Obj., p. 4.  It is plaintiff's position that due process requires her attorney to be notified of any adverse determination or decision, and as Toomey did not receive any notice of the denial of plaintiff's claim until May 8, 2006, her appeal was timely filed on May 16, 2006.  Id., pp. 4, 8.

42 U.S.C. § 405(g) sets forth the prerequisites for judicial review:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

A claimant must proceed through three stages of administrative review after being denied benefits initially.  If the initial determination is unfavorable, the claimant can request reconsideration.  20 C.F.R. §§ 404.907-09.  If the reconsideration is also unfavorable, the claimant can request a hearing before an ALJ.  20 C.F.R. §§ 404.929-30.  If the ALJ's decision is adverse to the claimant, the claimant may request review of the decision by the Appeals Council.  20 C.F.R. §§ 404.967-68.  "Proceeding through these three stages exhausts the claimant's administrative remedies."  Bowen v. City of New York, 476 U.S. 467, 472 (1986).

Because plaintiff never had a hearing, defendant argues that she did not obtain a "final decision of the Commissioner of Social Security made after a hearing" as required by 42 U.S.C. § 405(g), and she therefore, did not exhaust her administrative appeals before seeking judicial review from this Court.

> Section 405(g) specifies the following requirements for judicial review: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's

residence or principal place of business. The second and third of these requirements specify, respectively, a statute of limitations and appropriate venue. As such, they are waivable by the parties, and not having been timely raised below, need not be considered here. We interpret the first requirement, however, to be central to the requisite grant of subject-matter jurisdiction-the statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'

Weinberger v. Salfi, 422 U.S. 749, 763-764 (1975).

Plaintiff requested reconsideration of the initial denial of benefits, which resulted in an unfavorable decision.  Plaintiff's subsequent request for a hearing before an ALJ was denied on the basis that it was untimely.  Finally, her request for further review was denied by the Appeals Council.  No hearing was ever held.

The Court does not find the ALJ's dismissal of plaintiff's untimely request for a hearing to be a "final decision made after a hearing" meriting judicial review under 405(g).  Not only was there no hearing, the ALJ's dismissal of plaintiff's untimely request for a hearing does not constitute a final decision.  Therefore, plaintiff did not receive a "final decision" from the Commissioner within the meaning of 405(g).  "Federal courts are empowered to review only 'final decisions' of the Secretary in disability benefits cases."  Lively v. Bowen, 827 F.2d 268, 269 (8th Cir. 1987).  The ALJ's dismissal of plaintiff's hearing request is not a 'final decision' subject to judicial review.  See Haynes v. Apfel, 205 F.3d 1346 *1 (Table) (8th Cir. 2008) (district court lacked jurisdiction to review the ALJ's decision because plaintiff's hearing request was dismissed after he failed to appear, and thus no hearing was ever held); Boock v. Shalala, 48 F.3d 348, 351 (8th Cir. 1995) ("the Secretary's determination of no good cause to extend the period for appeal…is not subject to judicial review under § 405(g)"); Lively, 827 F.2d at 269 ("[t]he Secretary's refusal to reconsider a previously-denied claim is not a 'final

order;' therefore, as a general rule, that determination cannot be reviewed by the district court.") (citing <u>Califano v. Sanders</u>, 430 U.S. 99, 108 (1977)); <u>Smith v. Heckler</u>, 761 F.2d 516, 519 (8th Cir. 1985) (Appeals Council's dismissal of plaintiff's untimely request for review was not a final action for purposes of review under section 205(g)); <u>Peterson v. Califano</u>, 631 F.2d 628, 629-30 (9th Cir. 1980) (refusal to extend filing period was not a "final decision" within the meaning of subsection 405(g) and therefore was not subject to judicial review). Because plaintiff's request for a hearing was denied as untimely, there is no final decision subject to review by this Court and plaintiff did not exhaust her administrative remedies.

Nevertheless, despite a failure to exhaust administrative remedies, the Court may review a constitutional challenge to the Commissioner's decision. "Where the claimant raises constitutional questions, review is available despite the claimant's failure to exhaust administrative remedies." <u>Lively</u>, 827 F.2d at 269 (citing <u>Mathews v. Eldridge</u>, 424 U.S. 319 (1976)).

Plaintiff argues that due process required that her attorney be notified of any adverse determination or decision, and that because the denial of reconsideration was not sent to her representative, a constitutional claim is at issue in this case and the Court has jurisdiction under 28 U.S.C. § 1331. Pl. Obj., p. 4.

In support of her argument, plaintiff cites to 20 C.F.R. § 404.1715:

a) We shall send your representative--
    (1) Notice and a copy of any administrative action, determination, or decision; and
    (2) Requests for information or evidence.
(b) A notice or request sent to your representative, will have the same force and effect as if it had been sent to you.

Plaintiff contends that this provision supplies a basis for a due process claim. The Court disagrees.  In specifically rejecting this construction of 20 C.F.R. § 404.1715, the Second Circuit stated that "[t]he district court did not explain why it believes that the Due Process Clause mandated that both beneficiaries and their representatives receive notices of…determination. We hold that it does not; beneficiaries' interests are adequately protected by their own receipt of the notices." <u>Connecticut Dept. of Social Services v. Leavitt</u>, 428 F.3d 138, 153 (2d Cir. 2005).

Furthermore, the Eighth Circuit has also construed regulations regarding an individual's representative, including § 404.1715, in a similar vein: "We conclude that notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period." <u>Bess v. Barnhart</u>, 337 F.3d 988, 990 (8th Cir. 2003).  <u>See</u> <u>also</u> <u>Flores v. Sullivan</u>, 945 F.2d 109, 111-12 (5th Cir. 1991) ("[405(g)] pinpoints receipt by the individual claimant, instead of by his representative, as the event that starts the sixty days").

Plaintiff cites to <u>Roberts v. Shalala</u>, 848 F.Supp. 1008 (M.D.Ga. 1994), and <u>Bartolomie v. Heckler</u>, 587 F.Supp. 1113 (N.D.N.Y. 1984), for her position.  In analyzing the sixty-day time limitation for filing an appeal from the actions of the Appeals Council, <u>Roberts</u> held that "this court would begin the sixty day period for filing an appeal from the date of notification of the <u>representative</u>, whether it be the presumed date of notification or the actual date established by reasonable evidence." (emphasis in original).  848 F.Supp. at 1015.  As a preliminary matter, the Court notes that <u>Roberts</u> is non-binding authority on this Court, and it is in direct contradiction to <u>Bess</u>, which is controlling law in this district.  As noted above, <u>Bess</u> specifically held that notice

received by either the individual <u>or</u> the representative triggered the limitations period. However, even under <u>Roberts</u>, the court concluded that the evidence submitted by Roberts – an uncorroborated affidavit submitted by the office receptionist – was not sufficient to rebut the presumption that the attorney had timely received the notification. <u>Id</u>. at 1015-17.   Here, no affidavit was submitted by anyone, plaintiff or Toomey, to support the plaintiff's argument that Toomey did not receive the notice denying reconsideration notice shortly after its service, much less evidence that the reconsideration denial notice had not been sent on October 6, 2005, as submitted by defendant.

Plaintiff's reliance on <u>Bartolomie v. Heckler</u>, 597 F.Supp. 1113 (N.D.N.Y. 1984), is similarly misplaced.  The Court initially observes that <u>Bartolomie</u>, like <u>Roberts</u>, is not binding on this Court.   Furthermore, <u>Bartolomie</u> is factually distinguishable from the present case.  In <u>Bartolomie</u>, the court found that notice to a claimant's representative was required, and used the date that the claimant's attorney finally received notice as the operative date to start the 60-day time period in which to file an appeal.  <u>Id</u>. at 1116. However, in that case, the court specifically noted that there was ample support in the record that notice was never served on or received by the claimant's attorney.  <u>Id</u>.  Such is not the case here – there is nothing, other than the contention of plaintiff's attorney, to show that the notice of the reconsideration decision was not sent to plaintiff's attorney or that he did not receive it.   Moreover, in this case, the ALJ specifically found and the facts establish that the notice had been sent to plaintiff, and plaintiff has offered no evidence to the contrary.  The facts of this case are therefore distinguishable from those in <u>Bartolomie</u>.

The facts of this case are similar to those in a decision from the Northern District of California.  In <u>Lodarski v. Bowen</u>, the claimant alleged that the Secretary violated her due process rights by denying her reasonable notice and opportunity for a hearing on her disability benefits claims.  1988 WL 251994 (N.D.Cal. Dec. 16, 1988).  The record in that case revealed that a notice was mailed to claimant stating that she could seek review of the determination only if she requested an administrative hearing within 60 days of receiving that notice.  Such a request was eventually made by claimant's attorney, but not within the 60 days.  As here, the claimant in <u>Lodarski</u> did not allege that she failed to receive the notice from the Secretary in a timely fashion.  The Court specifically found that the claimant's attorney's declaration that he never received the notice from the government did not show that the Secretary violated due process requirements.  "The claimant's due process rights were preserved because the claimant herself received the notice."  <u>Id.</u> at *4.

The Court finds that the circumstances of plaintiff's case do not present a constitutional challenge.  Plaintiff's arguments center on her attorney's argument that he did not receive notice.  Based on the above discussion, this is beside the point where plaintiff herself received notice, and her attorney has not sufficiently shown that he did not receive notice.[1]

---

[1]    Plaintiff mentions that the ALJ's Notice of Dismissal dated September 16, 2006, was copied to a James H. Greeman, when in fact, Patrick A. Toomey represented the claimant.  Pl. Obj., p. 2, n. 2.  Plaintiff seems to suggest that this could explain why Toomey did not receive notice.  The Court observes from plaintiff's counsel's letterhead (set out in the letter dated May 18, 2007 to the Court) that Greeman and Toomey are both attorneys with Northwest Disability Services and work at the same office at the same address in Roseville, Minnesota to which the Notice of Dismissal was sent.  The Court further notes that the Appeals Council Automated Processing System lists James Greeman, and not Toomey, as plaintiff's representative as of May 4, 2007.  <u>See</u> Kelly

Lacking any probative evidence that the denial notice was not sent to plaintiff's counsel or that he did not receive it, and without any showing that plaintiff, herself, did not receive the denial, the Court concludes that plaintiff has failed to raise a viable due process claim.

## III.   CONCLUSION

The Court finds that plaintiff did not exhaust her administrative remedies, and that there is no constitutional issue before the Court.  As such, the Court does not have jurisdiction over this case.  Accordingly, the Court recommends that defendant's motion to dismiss for lack of jurisdiction be granted.

### <u>RECOMMENDATION</u>

For the reasons set forth above, it is recommended that:

Defendant's Motion to Dismiss [Docket No. 3] be GRANTED.


Dated:          February 14, 2008



*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge



Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before March 3, 2008 a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

---

Decl., Ex. 2.  Plaintiff has not offered anything to show that Toomey, and Toomey alone, was her representative.  Further, if Greeman actually received the notice, instead of Toomey, as implied by plaintiff's counsel, then it appears as though it would have been a very simple matter for Greeman to hand the notice to his colleague, if they indeed worked for the same firm as of October 2005.